IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| ANDREW TYLER, | ) | Cause No. CV 10-5-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| MIKE MAHONEY; STATE OF MONTANA, | ) | U.S. MAGISTRATE JUDGE |
| | ) | |
| Respondents. | ) | |
| | ) | |

On January 11, 2010, Petitioner Andrew Tyler, a state prisoner proceeding pro se, submitted portions of different documents intended for use in different courts and an incomplete motion to proceed in forma pauperis. Because it was unclear exactly what he meant to do, his documents were filed as a petition for writ of habeas corpus. On January 13, 2010, he was sent a Notice of Case Opening advising him to inform the Court of any change in his mailing address. On February 16, 2010, he was ordered to clarify his pleadings. Because he did not notify the Court of an address change, he did not receive the order. Returned Mail (doc. 5).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

On March 10, 2010, Tyler filed a completed civil complaint form and a complete motion to proceed in forma pauperis.  On March 12, 2010, he was ordered, for a second time, to clarify his pleadings.  He was specifically advised that it is not possible for him to proceed at this time with a civil complaint.  Second Order to Clarify (doc. 8) at 2; see also Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  He was given an opportunity to file a habeas petition or state that he intended to proceed in state court with a petition for postconviction relief.  He was also advised that he must complete a new forma pauperis application because he is no longer in prison.  Second Order to Clarify at 3-4 ¶¶ 1-2.  Forms were provided for him to use.  Finally, Tyler was advised that "failure to timely file a materially complete pleading" might result either in immediate dismissal or in a recommendation for dismissal of his case.  Id. at 4 ¶ 3

On April 5, 2010 – four days after the deadline, id. at 3 ¶ 2 – Tyler filed the first page of the form Amended Petition and an incomplete form motion to proceed in forma pauperis.

The only complete pleading before the Court is the civil complaint that Tyler filed on March 10, 2010.  It must be dismissed under the rule

of Heck.  Tyler also failed to provide a complete and up-to-date motion to proceed in forma pauperis.

Forma pauperis status should be denied and this action should be dismissed.  A certificate of appealability is not warranted.  Despite opportunities to do so, Tyler has failed to provide a complete pleading on which it is possible to proceed.  Nor has he made a substantial showing that he was deprived of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).  Any appeal would not be taken in good faith.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  The motion to proceed in forma pauperis (doc. 11) should be DENIED.

2. The pleadings (docs. 1, 6, 10) should be DISMISSED.

3.  The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

4.  A certificate of appealability should be DENIED and the district court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(4)(B), that any

appeal would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Tyler must immediately inform the Court of any change in his mailing address by filing a "Notice of Change of Address" referring to this case number.</u>

DATED this 15th day of April, 2010.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4